IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE OSBORG,

        Petitioner,                  No. CIV S-06-2190 FCD KJM P

    vs.

ROBERT HEIDELBACH, Sheriff,

        Respondent.          ORDER

_____/

        Petitioner, a state prisoner proceeding with counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        Petitioner challenges his San Joaquin County convictions for violations of Cal. Health & Safety Code § 17920.3(a) & (j) and the resulting sentence of ninety days in county jail. Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents will be directed to file a response to petitioner's application.

        Although petitioner has not filed a separate motion seeking a stay or addressing the requirements for the issuance of such an order, the covers of the petition and the memorandum of points and authorities contain the notation STAY REQUESTED.

/////

1

Although the Ninth Circuit has questioned whether a district court has the authority to grant bail pending a decision on a § 2254 petition, it has noted that if the authority exists, it should be exercised only in an "'extraordinary case[] involving special circumstances or a high probability of success.'" In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001), quoting Land v. Deeds, 878 F.2d 318 (9th Cir. 1989); see also Benson v. State of Cal., 328 F.2d 159, 162 (9th Cir. 1964). The same standard is applied whether the request is one for bail or for a stay of execution of a sentence pending the resolution of the habeas petition. See Stepney v. Lopes, 597 F.Supp. 11, 13-14 (D. Conn. 1984).

Petitioner challenges the sufficiency of the evidence underlying his convictions for violations of California's State Housing Act, Health & Safety Code §§ 17910, et seq. Specifically, he argues that he was not given notices of the deficiencies in the property on two occasions and on a third occasion was not given a reasonable time to make the repairs listed in the notice. He argues that reasonable notice is a condition precedent to prosecution under California Health & Safety Code § 17995. This argument is based on provisions of §§ 17980 and 17980.7; petitioner does not cite any case law supporting his argument. Moreover, although petitioner has claimed he was not given notice of the conditions underlying two of the counts, he has not provided the entire reporter's transcript of the proceedings. Only portions of the transcript are included in volumes of lodged documents, with numbered tabs and are labeled "Excerpt Of Jury Trial Proceedings." See, e.g., Lodged Documents, Vol. 2, Tab 68. The court cannot make a determine of evidentiary sufficiency from excerpts of the trial transcript and thus cannot determine whether the petition has a "high probability of success." Finally, petitioner has not presented any extraordinary circumstances to justify a stay of his sentence pending resolution of this action.

/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent is directed to file a response to petitioner's application within sixty days from the date of this order.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application.  See Rule 5, Fed. R. Governing § 2254 Cases;

2. Petitioner's reply, if any, shall be filed and served within thirty days of service of an answer;

3. If the response to petitioner's application is a motion, petitioner's opposition or statement of non-opposition shall be filed and served within thirty days of service of the motion, and respondent's reply, if any, shall be filed within fifteen days thereafter;

4. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General; and

5. Petitioner's request for a stay of his sentence is denied without prejudice.

DATED: October 19, 2006

_____
U.S. MAGISTRATE JUDGE

2
osbo2190.100+