IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE OSBORG,

    Petitioner,                     No. CIV S-06-2190 FCD KJM P

    vs.

ROBERT HEIDELBACH, Sheriff,

    Respondent.                    ORDER

_____/

        Petitioner is proceeding in this habeas action with counsel, challenging his San Joaquin County convictions for violations of the state housing laws. He has filed a motion seeking a stay of the execution of his sentence but did not set the matter on calendar for hearing; respondent has not filed an opposition.

        Although the Ninth Circuit has questioned whether a district court has the authority to grant bail pending a decision on a § 2254 petition, it has noted that if the authority exists, it should be exercised only in an "'extraordinary case[] involving special circumstances or a high probability of success.'" In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001), quoting Land v. Deeds, 878 F.2d 318 (9th Cir. 1989); see also Benson v. State of Cal., 328 F.2d 159, 162 (9th Cir. 1964). The same standard is applied whether the request is one for bail or for a stay of

/////

execution of a sentence pending the resolution of the habeas petition.  See Stepney v. Lopes, 597 F.Supp. 11, 13-14 (D. Conn. 1984).

Petitioner challenges the sufficiency of the evidence underlying his convictions for violations of California's State Housing Act, Health & Safety Code § 17910, et seq. Specifically, he argues that he was not given notices of the deficiencies in the property on two occasions and on a third occasion was not given a reasonable time to make the repairs listed in the notice.  He argues that reasonable notice to remedy any violations is a condition precedent to prosecution under California Health & Safety Code § 17995[1]; that section declares that "any person who violates any of the provisions of this part" is guilty of a misdemeanor.

Various excerpts of the reporters' transcript have been lodged, covering the three counts of conviction.  These records suggest that petitioner was given notice of a number of substandard conditions at 430 East Oak in Stockton.  See 1 RT 58-60 (notice of debris and overflowing dumpster in June, 2002); 2 RT 28-35 (March 2001 notice regarding insect infestation); 3 RT 6 (August 16, 2002 notice to correct health and sanitation issues by August 19 or move tenants out).

This court cannot say that petitioner has a high probability of success on the merits.  As both sides have conceded, there is no law on the question of notice as a condition precedent for a prosecution under these provisions of the Health and Safety laws.  Petitioner's argument is based on provisions of §§ 17980.6 and 17980.7.  Section 17980.7 provides in part that "[i]f the owner fails to comply within a reasonable time with the terms of the order or notice issued pursuant to Section 17980.6 . . . [] the enforcement agency may seek and the court may order imposition of the penalties provided for under Chapter 6 (commencing with Section 17995)."  Section 17980.6, in turn, provides in part that "[i]f a building is maintained in a manner that violates any provisions of this part, . . . the enforcement agency may issue an order or notice

---

[1] Further statutory references are to the California Health and Safety Code.

to repair or abate pursuant to this part. . . ." The use of the term "may" suggests that the notice requirement is not mandatory, but rather is one means of enforcement available for violations of California's housing laws.

In addition, section 17920.3 lists the conditions that render a building substandard and provides in part that any building in which the conditions exist "shall be deemed and hereby is declared to be a substandard building. . . ." There is no suggestion in this statute that any notice or opportunity to repair is required before a building is considered substandard. Coupled with section 17995, which declares that any person who violates any of the provisions of that part is guilty of a misdemeanor, it appears that a prosecution for a violation of section 17920.3 need not be preceded by notice and a reasonable opportunity to repair.

This resolution is not a final determination of the merits of the petition, but rather an attempt to determine whether a stay of petitioner's sentence is appropriate.

Petitioner also argues that extraordinary circumstances support the grant of the stay. His counsel has submitted an affidavit suggesting that petitioner suffers from high blood pressure and that his previous short stay in San Joaquin County Jail was hard on his health. He has not, however, submitted any documentation supporting his claims. Thus, there is not a sufficient showing of extraordinary circumstances justifying a stay of the execution of the sentence.

The court is not unsympathetic to this misdemeanor defendant, who is certain to have served his sentence before the merits of his case may be resolved and whose health problems may render his stay in jail uncomfortable. Nevertheless, on this record, the court cannot find he has made a showing sufficient to support a stay of the execution of the sentence.

/////
/////
/////
/////

1   IT IS HEREBY ORDERED that petitioner's March 6, 2007 request for a stay of
2 execution is hereby denied.
3 DATED:  March 30, 2007.

_____
U.S. MAGISTRATE JUDGE